UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MALIBU MEDIA LLC,

                        Plaintiff,

v.                                                Case No. 13-CV-239-JPS

JOHN DOE, *Subscriber Assigned IP Address 98.144.4.60*,

                        Defendant.                      ORDER

The Court discussed the background of this case (and the plaintiff's many other similar cases) in a September 26, 2013 order sealing a document it found could be used for harassing purposes. (Docket #11). Briefly, the plaintiff owns copyright to a number of adult films and sues people who illegally download those films. When the plaintiff first files the suit, it sues the defendant anonymously as a John Doe defendant, attempts to discover the defendant's name by subpoenaing the defendant's internet service provider, engages in settlement discussions with the defendant, and finally names the defendant on the record if settlement negotiations are unfruitful. Given the salacious nature of the films the plaintiff is suing over, the plaintiff presumably has a strong bargaining position to extract a settlement before naming the defendant on the record. Thus, the parties often settle.

In this case, the parties have now reached a settlement—but not before the defendant was named on the record. Thus, before the Court is the defendant's motion to allow him to proceed anonymously.

Such motions are increasingly gaining traction in districts throughout the country, as they realize the potential for abuse in these cases. The

defendant cites three cases from the Northern District of Illinois in which judges have allowed defendants in these cases to proceed anonymously. (Docket #15, at 4) (citing *Malibu Media, LLC v. Reynolds, et al.*, No. 1:12-cv-6672, at Docket #51 (N.D. Ill.) (Kendall, presiding); *Malibu Media, LLC v. John Does 1-37*, No. 1:12-cv-6674, at Docket #33 (N.D. Ill.) (Feinerman, presiding); and *Sunlust Pictures, LLC v. Does 1-75*, No. 1:12-cv-1546, at Docket #42 (N.D. Ill.) (Tharp, presiding)). In this district, Judge Randa has also allowed defendants to proceed anonymously. *See Malibu Media, LLC v. John Doe*, Case No. 2:13-cv-536, at Docket #18 (simultaneously allowing defendants in Case No. 2:13-cv-544 and Case No. 2:13-cv-779 to proceed anonymously). Likewise, this Court has taken steps towards protecting the defendant in this case from unwarranted embarrassment, by sealing Exhibit C to the plaintiff's complaint. (Docket #11).

There is certainly good cause to allow the defendant in this case to proceed anonymously, as Judges Randa, Kendall, Feinerman, and Tharp have also allowed. As Judge Tharp pointed out, these matters involve highly sensitive and personal information, there is little harm to the public in allowing the defendant to remain anonymous (as the defendant did not voluntarily avail himself of the courts), and the plaintiff will not be prejudiced by allowing the defendant to proceed anonymously. *Sunlust Pictures*, No. 1:12-cv-1546, Docket #42, at 9–11. In fact, the plaintiff does not object to the defendant's motion to proceed anonymously. (Docket #15, at 5).

For these reasons, the Court will grant the defendant's motion to proceed anonymously. In keeping with that allowance, the Court will direct the Clerk of Court to seal Docket Entry Nos. 7, 8, 9, 10, 11, 12, 13, 14, and 15, and also to amend the case caption to its original form, so as to reflect only

a John Doe defendant. The Court will also direct that the docket sheet be amended to remove any other trace of the defendant's identity that may appear thereon.

Accordingly,

IT IS ORDERED that the defendant's motion for leave to proceed anonymously (Docket #15) be and the same is hereby GRANTED; the Clerk of Court is hereby directed to: SEAL Docket Entry Nos. 7, 8, 9, 10, 11, 12, 13, 14, and 15; AMEND the case caption to its original form, so as to reflect only a John Doe defendant; and AMEND the docket sheet to ensure that defendant's identity does not appear thereon.

Dated at Milwaukee, Wisconsin, this 11th day of December, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge